# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:10-CR-13 |
| | § | Judge Folsom |
| WILLIAM J. KLEINKAUF | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 6, 2010, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's Motions to Suppress (Dkt. #26) should be DENIED.

On August 20, 2010, Defendant William J. Kleinkauf ("Defendant") filed objections to the Magistrate Judge's report. On September 3, 2010, the Government filed a response. Defendant argues that the Magistrate Judge's "conclusions and recommendations [are] legally and factually insupportable." After considering the arguments of Defendant and the Government, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Defendant's motion to suppress evidence and statements should be denied.

In his briefing on the motion, Defendant argues that the good-faith exception to the exclusionary rule does not apply because the affiant misled Judge Bush by omitting facts Defendant believes should have been included in the warrant. *See United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999) (citing *United States v. Leon*, 468 U.S. 897, 923 (1984)) ("[T]he good-faith exception does not apply when 'the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless

disregard of the truth.'"). Defendant objects to the Magistrate Judge's consideration of this argument stating that, "in concluding that probable cause existed for issuance of the warrant, the Report improperly relies upon evidence from the hearing that was not included in the affidavit" at page 13 of his report. OBJECTIONS at 12-13. Defendant is incorrect. The Magistrate Judge specifically notes that he only considered information included in the affidavit in making a probable cause determination. REPORT AND RECOMMENDATION at FN 1. Also, the paragraph of which Defendant complains states in the final sentence that the magistrate judge issuing the warrant could determine the primary purpose of the website based upon information contained solely in the affidavit. *Id*. at 13-14.

Further, the Magistrate Judge does not make a probable cause determination at page 13 of his report, as Defendant claims. The Magistrate Judge addresses whether sufficient indicia of probable cause to justify a search exists starting at page 17 of his recommendation under the subheading "Probable Cause." At page 13 of the recommendation, the Magistrate Judge is addressing Defendant's argument that the affiant misled Judge Bush. In evaluating whether the affiant knowingly or recklessly misled Judge Bush, the Court may look to testimony of the affiant and consider facts not included in the affidavit. *See United States v. Lester*, No. 09-11186, 2010 WL 3448519 *1 (5th Cir. August 30, 2010) (court considered testimony by affiant as to why information regarding informant's background was omitted in determining if affiant attempted to mislead magistrate judge); *See also United States v. Naranjo*, 309 F. App'x 859, 864 (5th Cir. 2009) (testimony of affiant considered regarding why criminal record of informant not disclosed); *United States v. Looney*, 532 F.3d 392, 395 (5th Cir. 2008) (testimony of affiant considered in determining if false statement was included in affidavit deliberately or with a reckless disregard for the truth).

Without looking outside the affidavit, the Court cannot possibly make a determination as to whether the affiant attempted to mislead Judge Bush or knew or should have known that information included in the affidavit was false. Therefore, the Magistrate Judge's consideration of the affiant's testimony to determine if there was evidence that he knowingly or recklessly misled Judge Bush was proper.

Defendant also argues that the Magistrate Judge erred in concluding that this case does not present a novel question of law. OBJECTIONS at 13. Defendant's argument is that the facts of his case are unique and therefore create a novel question of law. "[A] case does not raise a novel question of law under the Fourth Amendment" when "[t]he only question is whether, on the particular facts of this case, the affidavit supporting the search warrant established probable cause to search." *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992); *See United States v. Shugart*, 117 F.3d 838, 843 n.5 (5th Cir. 1997) (whether affidavit failed to establish probable cause to search was not a novel question of law). Here, the only question is whether or not the affidavit in question alleged sufficient facts to obtain a search warrant. This is not a novel question of law. Under Defendant's argument, every case would present a novel question of law, as each case has a unique set of facts.

The Court, having made a *de novo* review of the objections raised by Defendant, and the Government's response thereto, is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is accordingly **ORDERED** that Defendant's Motion to Suppress Evidence and Statements (Dkt. #26) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 20th day of September, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE